UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBBRA DAVIS,

    Plaintiff,

v.                                                Case No. 8:18-cv-16-AAS

NANCY A. BERRYHILL, Deputy
Commissioner of Operations,
Social Security Administration,

    Defendant.
_____/

## ORDER

Debbra Davis seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), administrative record, pleadings, and joint memorandum the parties submitted, the Commissioner's decision is **REMANDED** for further consideration consistent with this order.

**I.    PROCEDURAL HISTORY**

Ms. Davis applied for DIB for a disability she claims began on August 21, 2013. (Tr. 137–43.) Disability examiners denied Ms. Davis's application initially and after reconsideration. (Tr. 42–51, 53–63). Ms. Davis then requested a hearing before an ALJ, who found Ms. Davis not disabled. (Tr. 22–41, 78–79).

1

The Appeals Council denied Ms. Davis's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–3). Ms. Davis now seeks review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Davis was forty-eight years old when she submitted her DIB application and fifty-one years old when the ALJ held the hearing. (Tr. 137, 835). Ms. Davis has a master's degree in business administration. (Tr. 836). She has past relevant work as a management analyst, mortgage-loan processor, research assistant, administrative clerk, and career-guidance technician. (Tr. 864). Ms. Davis claimed disability because of anxiety, panic disorder, irritable bowel syndrome (IBS), acid reflux, and hyperglycemia. (Tr. 42).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. § 404.1520(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, then she does not have a severe impairment and is not disabled. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. § 404.1572.

2

1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment included in the Listings, she is not disabled. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity ("RFC").[3] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, then she is not disabled. § 404.1520(g).

The ALJ here determined Ms. Davis engaged in no substantial gainful activity since the alleged onset date. (Tr. 24). The ALJ found Ms. Davis has the following severe impairments: IBS, obesity, mood disorder ("not otherwise specified"), and anxiety disorder ("not otherwise specified"). (*Id.*). Nonetheless, the ALJ found Ms. Davis's impairments or combination of impairments failed to meet or medically equal the severity of an impairment included in the Listings. (*Id.*).

The ALJ then found Ms. Davis has the RFC to perform medium work. (Tr. 27). But the ALJ found Ms. Davis limited in the following way:

> Function by function, the claimant remains able to lift or carry 50 pounds occasionally and 25 pounds frequently, stand and or way 6 hours in a workday, and sit 6 hours in a workday. She can never climb ladders, ropes, or scaffolds, but she remains able to frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She is limited to simple and routine tasks with occasional contact with coworkers, supervisors,

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. § 404.1545.

3

and the general public. She is also limited to work environment with little or gradual workplace change.

(Tr. 27). Based on these findings, the ALJ determined Ms. Davis could perform jobs that exist in the significant numbers in the national economy, specifically as a dining-room attendant, kitchen helper, and hospital cleaner. (Tr. 33–34). Therefore, the ALJ found Ms. Davis not disabled. (Tr. 34).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979

4

F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B.     Issue on Appeal**

Ms. Davis argues the court should remand the ALJ's decision because the ALJ failed to find Ms. Davis's panic disorder constitutes a severe impairment. (Doc. 23, pp. 4–8). The court's analysis will focus on medical opinion evidence concerning Ms. Davis's panic disorder.

1. <u>Whether ALJ Properly Considered Medical Evidence Concerning Ms. Davis's Panic Attacks</u>

Ms. Davis argues the ALJ improperly considered medical evidence concerning Ms. Davis's panic disorder. (*Id.* at 4–8). Specifically, Ms. Davis argues the ALJ's failure to include panic disorder as a severe impairment requires remand. (*Id.* at 8). Ms. Davis provides several instances where Drs. Samuel Martino and Melissa Vilardebo indicated panic-like symptoms, possible panic-attack diagnoses, and treatment for panic attacks. (*Id.* at 5–7). Ms. Davis highlights Dr. Vilardebo found Ms. Davis had panic-like symptoms and considered a panic-attack diagnosis. (*Id.* at 5–6) (citation omitted). Ms. Davis points out Dr. Martino (1) listed panic attacks as a condition for which he treated Ms. Davis and (2) listed panic disorder as an active problem. (*Id.* at 5, 7) (citations omitted).

The Commissioner argues Ms. Davis failed to prove she had panic attacks and, even if she did, Ms. Davis failed to show panic attacks impose additional conditions on her ability to work. (*Id.* at 10). The Commissioner first argues Ms. Davis failed

5

to cite controlling authority to support her argument. (Doc. 23, p. 8). The Commissioner then argues step two of the sequential analysis only "acts as a filter." (*Id.* at 9) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). Therefore, according to the Commissioner, any error the ALJ committed at step two is harmless. (*Id.* at 13). Finally, the Commissioner argues Ms. Davis failed to cite medical evidence supporting her complaints of panic attacks or describing how panic attacks limit Ms. Davis. (*Id.* at 10).

The ALJ must state with particularity the weight given to different medical opinions and her reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ may reject any medical opinion if evidence supports a contrary finding, but she must still articulate reasons for assigning little weight. *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986). Provided her decision does not broadly reject a claim for Social Security benefits, the ALJ need not refer to every piece of evidence. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all available evidence and articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The ALJ failed to state how much weight she gave to Dr. Debra Bartnett's opinion. Although the ALJ discussed Dr. Barnett's findings of panic disorder, the ALJ failed to assign weight to Dr. Barnett's diagnoses. (Tr. 30). The ALJ's failure to assign weight to Dr. Barnett's opinion requires remand because Dr. Barnett, in a

psychiatric evaluation, apparently diagnosed Ms. Davis with panic disorder. (Tr. 331, 344, 359).[4]

Dr. Barnett's medical opinion is probative medical evidence because it directly concerns Ms. Davis's alleged mental impairment. Ms. Davis claimed disability partially because of panic disorder. (Tr. 165). She later discussed her history of panic attacks with the ALJ at the hearing. (Tr. 844–45). Therefore, the ALJ should have stated with particularity how much weight she gave Dr. Barnett's opinion because her opinion is probative of Ms. Davis's alleged panic disorder.

2. Remaining Issues

Courts review an ALJ's decision to determine whether substantial evidence supports the Commissioner's final decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Without clearly articulating reasons for rejecting medical opinions, a court cannot determine whether substantial evidence supports the ALJ's decision. *Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1179 (11th Cir. 2011). The court cannot determine whether substantial evidence supports the ALJ's decision with respect to other issues Ms. Davis raised because the ALJ failed to state how much weight she gave Dr. Barnett's opinion. The court therefore need not

---

[4] To the extent the ALJ determines Dr. Barnett's diagnoses are illegible, the ALJ must determine whether legible copies of Dr. Barnett's notes exist or whether the ALJ must order a consultative examination. *See Yamin v. Comm'r of Soc. Sec.*, No. 6:07-CV-1574-Orl-GJK, 2009 WL 799457, at *14 (M.D. Fla. Mar. 24, 2009) (requiring ALJ to determine whether legible copies of probative medical notes exist); *see also* 20 C.F.R. § 404.1520b(b)(2) (listing options the Commissioner may take if medical evidence in the record is insufficient).

7

address those other issues because the ALJ's analysis of Dr. Barnett's opinion could materially affect them.

IV. CONCLUSION

The ALJ failed to specifically state the weight she assigned Dr. Barnett's medical opinion. The Commissioner's decision is therefore **REMANDED** for further consideration consistent with this order, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for Ms. Davis consistent with 42 U.S.C. Sections 405(g) and 1383(c)(3).

**ORDERED** in Tampa, Florida, on February 11, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge