# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DEBBRA DAVIS,**

    **Plaintiff,**

v.                                             **Case No. 8:18-cv-16-T-AAS**

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,**

    **Defendant.**
_____/

## ORDER

Debbra Davis moves for an attorney's fees award, which the Commissioner does not oppose. (Doc. 26). Ms. Davis requests $4,959.60 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. A party who prevails against the United States may recover reasonable attorney's fees under the EAJA. 28 U.S.C. § 2412.

The February 11th order remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 24). The Clerk entered judgment in Ms. Davis's favor. (Doc. 25). Ms. Davis now requests an attorney's fees award under the EAJA. (Doc. 26).[1]

---

[1] The United States and its agencies and employees have sixty days to appeal a judgment. Fed. R. App. P. 4(a)(1)(b); 26(a)(1). The sixty-day appeal period for Ms. Davis's judgment expired April 15th, at which point judgment became final. A party moving for attorney's fees under the EAJA must do so within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B); Fed. R. Civ. P. 6(a)(1). Ms. Davis's deadline for moving for attorney's fees under the EAJA fees is May 16th. Ms. Davis submitted

1

The Commissioner does not contest the following: Ms. Davis is the prevailing party; Ms. Davis's net worth was less than $2 million when she filed her complaint; the Commissioner's position was not substantially justified; no special circumstances make an attorney's fees award unjust; and Ms. Davis's attorney's fees request is unreasonable. A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Therefore, Ms. Davis may recover $4,959.60 in attorney's fees.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Ms. Davis owes a debt to the United States. Ms. Davis also assigned her rights to EAJA fees to her attorney. So, if Ms. Davis has no federal debt, the United States will accept Mr. Davis's assignment of EAJA fees and pay the fees directly to her counsel.

Accordingly, Ms. Davis motion for attorney's fees under the EAJA (Doc. 26) is **GRANTED**. Ms. Davis is awarded **$4,959.60** in attorney's fees.

---

her motion on April 26th. The court therefore has jurisdiction to award Ms. Davis's attorney's fees under the EAJA.

**ORDERED** in Tampa, Florida, on April 29, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge